IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALBERT JAMES BROWN,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     Civ. No. 04-316-SLR
                                   )
CYNTHIA KELSEY, ROSAMARIA          )
TASSONE, DONNA L. KELLAM,          )
and JANE BRADY,                    )
                                   )
          Defendants.              )

## MEMORANDUM ORDER

### I.  INTRODUCTION

Plaintiff Albert Brown is a pro se litigant who filed this
action pursuant to 42 U.S.C. § 1983 and requested leave to
proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (D.I.
1, 2)  The court has jurisdiction over this matter pursuant to 28
U.S.C. § 1331.

### II.  STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a
two step process.  First, the court must determine whether

---

[1] On August 18, 2004, plaintiff amended his complaint to
include allegations that various affidavits used in his
conviction were forged.  (D.I. 8)  On January 28, 2005 plaintiff
moved to once again amend his complaint, this time to sue
defendants Kelsey, Kellam and Tassone in their individual and
official capacities.  (D.I. 17)  On February 22, 2005, plaintiff
moved to amended his complaint to add Jane Brady, the Attorney
General of Delaware, as a defendant and to sue all defendants in
their individual and official capacities.  (D.I. 19)  The court
grants both of plaintiff's motions to amend.

plaintiff is eligible for pauper status.  On June 3, 2004, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 4)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[2]  If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review.  See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A).  Accordingly, the court must "accept as true the factual allegations in the

_____

[2] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[3] As discussed below, plaintiff's claims have no arguable basis in law or fact. Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

III. DISCUSSION

A.    The Complaint

Plaintiff alleges that defendants conspired to forge various signatures on legal documents and forged the signatures of several Wilmington Police Officers on their respective

---

[3] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. <u>See</u> Prisoner Litigation Reform Act of 1995, Pub. L. No. 14-134, § 804, 110 Stat. 1321 (April 26, 1996).

affidavits.  (D.I. 2, 8)  Plaintiff requests nominal,
compensatory, and punitive damages.  (Id.)

    **B.   Analysis**

    Plaintiff's complaint makes allegations regarding his
conviction.  Plaintiff's sole federal remedy for challenging the
fact or duration of his confinement is by way of habeas corpus.
Preiser v. Rodriguez, 411 U.S. 475 (1973).  A plaintiff cannot
recover damages under § 1983 for alleged false imprisonment
unless he proves that the conviction or sentence has been
reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such
determination, or called into question by a federal court's
issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S.
477, 487 (1994).  Plaintiff has not alleged that his conviction
or sentence was reversed or invalidated by any means required
under Heck.  Consequently, plaintiff's claim lacks an arguable
basis in law or in fact.  The court dismisses plaintiff's claim
as frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-
1915A(b)(1).

**IV.  CONCLUSION**

    At Wilmington this $\mathcal{J}^{th}$ day of April, 2005, for the reasons
set forth above;

4

IT IS ORDERED that plaintiff's amended complaint (D.I. 19) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).


_____
United States District Judge